UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-82526-AMC

ERAN INDUSTRIES LIMITED, a Belize entity,

    Plaintiff,

vs.

ERAN FINANCIAL SERVICES, LLC; SHAI LEVITIN; ERAN GROUP CORP.; ERAN LOGISTICAL SERVICES, LLC; and ERAN NEW PRODUCT DEVELOPMENT, LLC,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants Eran Financial Services, LLC, Shai Levitin, Eran Group Corp., Eran Logistical Services, LLC, and Eran New Product Development, LLC, through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), hereby move this Court to dismiss Plaintiff Eran Industries Limited's ("Plaintiff") Amended Complaint as a shotgun pleading and, additionally, to dismiss Count Four for Fraudulent Inducement and Count Six for a Preliminary and Permanent Injunction Against All Defendants.[1]

---

[1] Defendants have separately moved to consolidate this action with an earlier filed case filed by defendant Eran Financial Services, LLC ("EFS") against Plaintiff and its affiliates styled *Eran Financial Services, LLC v. Eran Industries Ltd.,* et al., Case No. 21-cv-81366-AMC, pending before this Court. (ECF No. 13.) While the present case, which was initially assigned to Judge Rodney Smith, has been transferred to this Court (ECF No. 17), the consolidation request remains pending. This Motion to Dismiss is without prejudice to EFS's position that the two cases should be consolidated, and Plaintiff realigned as a Defendant/Counter-plaintiff in the prior pending action.

Case No. 9:21-cv-82526-AMC

## **INTRODUCTION**

Plaintiff, through its Amended Complaint, seeks to turn a run-of-the-mill (and contested) breach of contract matter into a fraud case for preliminary and injunctive relief. Not only are such efforts misguided, Plaintiff's Amended Complaint also suffers from fatal deficiencies mandating dismissal. First, the Amended Complaint constitutes a quintessential shotgun pleading. This basis alone requires dismissal. Second, Plaintiff's fraudulent inducement claim (Count Four) must be dismissed because it (i) fails to allege facts plausibly supporting each element of a fraud in the inducement claim with the specific particularity required under Rule 9(b) to survive dismissal, and (ii) is barred by the independent tort doctrine. Finally, Plaintiff's claim for Preliminary and Permanent Injunction Against All Defendants fails to allege, demonstrate, or show facts to state a cause of action. As such, Plaintiff's Amended Complaint must be dismissed.

## **SUMMARY OF ALLEGATIONS**

According to the Amended Complaint, Plaintiff and EFS worked together for 20 years during which Plaintiff manufactured lighting products for EFS for EFS's resale to big box retailers and other dealers and distributors. Am. Compl. ¶¶ 5-10. For approximately the last ten years, the parties operated under a Supply and Services Agreement signed by Plaintiff and Defendant Eran Financial Services. *Id.* Ex. A. Plaintiff now claims the Agreement is a forgery. *Id.* ¶¶ 11-13. Nonetheless, the Amended Complaint alleges that "[p]ursuant to the Parties' agreement, [Defendant Eran Financial Services] would procure customer [purchase orders] in the U.S. and Plaintiff would fulfill those orders, typically by shipping the products directly to the U.S. customers." *Id.* ¶¶ 15.

EFS was allegedly to pay Plaintiff the amount of the customer purchase orders less a percentage it collected when the customer paid the face amount thereof. *Id.* ¶ 16. The specific amounts EFS received were delineated in writing on the various purchase orders, *id.*, and Plaintiff also paid Defendant Shai Levitin a commission, some of which were also paid to third parties at Mr. Levitin's direction, *id.* ¶ 18-19.

According to the Amended Complaint, this occurred until late 2018 when EFS supposedly fell behind on its payments to Plaintiff. *Id.* ¶ 20. Plaintiff then loaned Defendant Eran Logistical funds from December 2019 to April 2021. *Id.* ¶ 21. Plaintiff was allegedly induced to loan these funds based upon Mr. Levitin's representation that he would obtain financing to repay Plaintiff. *Id.* ¶ 22.

The Amended Complaint alleges that after obtaining the loan, "Shai Levitin began competing directly with Plaintiff by locating other lighting suppliers and doing business with them." *Id.* ¶ 23. The Amended Complaint claims Mr. Levitin "had no intent to pay the amounts" owed Plaintiff. *Id.* "Nonetheless . . . Plaintiff attempted a number of resolutions with Defendant Eran Financial Services and Mr. Levitin" until May 2021, when "Plaintiff ceased paying commissions to Shai Levitin and ceased doing business with EFS." *Id.* ¶¶ 24-27.

These are the allegations of Plaintiff's Amended Complaint. The "rest of the story," which is set forth in EFS' August 2021 Complaint against Plaintiff, is that after a lengthy business relationship memorialized in writing, Plaintiff embarked on a plan to sell from China directly to EFS's customers and clients products historically manufactured under the Supply Agreement for EFS. Plaintiff co-opted EFS's client list, pricing information, and confidential contacts to target EFS's business. This conduct

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

was in direct violation of the Supply Agreement, as well as common law prohibitions on unfair competition, and has caused EFS great harm. After EFS sued Plaintiff in Federal Court in Florida to protect its business, Plaintiff manufactured astonishing and bogus receivable demands against EFS. Rather than assert these (meritless) claims as a counterclaim in EFS's pending case, Plaintiff refused to accept service of process on its Chinese affiliate entities, thereby stalling EFS's prosecution of its claims in the pending case, and then attempted to initiate a new litigation against EFS—the present case.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows the district court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Frone v. JP Morgan Chase & Co.*, 695 F. App'x 468, 470 (11th Cir. June 5, 2017). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *ABC University Shops, LLC v. Scottsdale Ins. Co.*, No. 18-60562-CIV-GAYLES/SELTZER, 2018 WL 3672265, at *2 (S.D. Fla. July 24, 2018) ("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.").

While a court is required to accept well-pleaded facts as true at this stage, it is not required to accept the plaintiff's legal conclusions. *Frone*, 695 F. App'x at 470; *ABC University Shops, LLC*, 2018 WL 3672265, at *2. Indeed, "[i]t is insufficient for the plaintiff's complaint to put forth merely labels, conclusions, and a formulaic recitation of the elements of the cause of action." *Frone*, 695 F. App'x at 470. That is to say,

"pleadings that 'are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" *Office Depot, Inc. v. Elementum, Ltd.*, No. 19-81305-SINGHAL, 2020 WL 4891533, at *2 (S.D. Fla. July 6, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *United States ex. rel. Jacobs v. JP Morgan Chase Bank, N.A.*, No. 20-20543-CIV-CANNON/Otazo-Reyes, 2022 WL 573663, at *1 (S.D. Fla. Feb. 25, 2022).

"Federal Rule of Civil Procedure 9(b) imposes heightened pleading requirements in cases alleging fraud or mistake." *Id.* at 2. "Under Rule 9(b), a party must state with particularity the circumstances constituting fraud or mistake, although malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* (internal quotations omitted).

> The Eleventh Circuit has held that Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* "In short, under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false statements." *Id.* (internal quotations omitted); *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) ("A plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.").

## **ARGUMENT**

This Court must dismiss Plaintiff's Amended Complaint because it constitutes an impermissible shotgun pleading. What is more, Counts Four (Fraudulent Inducement) and Six (Preliminary and Permanent Injunction Against All Defendants) must also be dismissed for the additional reasons set forth below.

### **A. Plaintiff's Amended Complaint Must Be Dismissed as A Quintessential Shotgun Pleading Because It Reincorporates All of The Allegations in Its Preceding Counts.**

"A complaint that violates either Rule 8(a)(2) or Rule 10(b), or both, is often referred to as a shotgun pleading." *Frank v. Schulson*, 782 F. App'x 917, 919 (11th Cir. Aug. 5, 2019). "'The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *AKF Inc. v. Sonny's Enters. LLC*, No. 19-cv-62379-BLOOM/Valle, 2020 WL 43219, at *2 (S.D. Fla. Jan. 3, 2020) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources." *Id.* "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Id.* "Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1356-57 (11th Cir. 2018)). "Upon this basis alone, [a] [c]omplaint is due to be dismissed." *Id.*

Like in *AKF Inc.*, Plaintiff's Amended Complaint constitutes a quintessential shotgun pleading because it reincorporates all of the allegations of each count in successive counts. *See* Am. Compl. ¶¶ 30, 35, 42, 46, 52, and 59. Each count therein impermissibly adopts the allegations of all preceding counts causing each successive count to carry all that came before it and the last count—here, Count Six for "A Preliminary and Permanent Injunction Against to All Defendants"—to be a combination of the entire Amended Complaint. Having been repeatedly and unequivocally condemned by the Eleventh Circuit, Plaintiff's shotgun pleading must be dismissed.

**B. Plaintiff's Fraudulent Inducement Claim Must Be Dismissed.**

Plaintiff's Fraudulent Inducement claim must be dismissed because it: (i) fails to plead fraud with the requisite particularity required to survive dismissal; and (ii) is barred by the independent tort doctrine.

1. *Plaintiff's Fraudulent Inducement Claim Must Be Dismissed Because It Fails to Plead Fraud with The Requisite Particularity to Survive Dismissal*.

To state a claim for fraudulent inducement in Florida, a plaintiff must allege:

> (1) a misrepresentation of a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation would induce another to rely and act on it; and (4) that the plaintiff suffered injury in justifiable reliance on the representation.

*Silberman v. Premier Beauty and Health LLC*, 1:20-cv-21984-GAYLES/OTAZO-REYES, 2021 WL 4312698, at *4 (S.D. Fla. Sept. 22, 2021). "In federal court, claims for fraudulent inducement are governed by Federal Rule of Civil Procedure 9(b)," as discussed above, "which requires that the plaintiff state with particularity the circumstances constituting fraud." *Id.* To pass Rule 9(b) muster, Plaintiff's Amended Complaint must set forth the particular allegations about the who, what, when, where,

and how of its fraudulent inducement. *Id.* "This rule ensures defendants are alerted to the precise misconduct alleged and protects against spurious charges of immoral and fraudulent behavior." *Id.*

Here, like in *Silberman*, a cursory review of the Amended Complaint's factual allegations reveals that Plaintiff has failed to properly plead its fraudulent inducement claim. Plaintiff's only allegations even remotely relevant to its fraudulent inducement claim can be summarized as follows: Plaintiff allegedly was induced to loan Eran Logistical funds because Mr. Levitin supposedly represented that he had secured new financing, would use that financing to repay Plaintiff, which would then provide him the ability to repay the loan and unpaid invoices, Am. Compl. ¶ 21-22; and Mr. Levitin purportedly misrepresented to Plaintiff that he was getting (presumably in the future) private and bank financing, the proceeds from which would be used to pay down his debt to Plaintiff, Mr. Levitin had no intent to repay this loan to Plaintiff, Plaintiff reasonably relied on Mr. Levitin's representations in agreeing to lend Eran Logistical funds, and Plaintiff has been damaged, Am. Compl. ¶¶ 46-51.

Comparing the sparse fraud allegations to the elements of fraudulent inducement, Plaintiff has altogether failed to allege facts to satisfy elements one, three, and four. Essential specifics are also lacking. Among other things, Plaintiff fails to allege precisely what false statements were made, where the false statements were made, when they were made, how they were conveyed to Plaintiff, and how they were made or were materially false. These glaring omissions require dismissal of Plaintiff's Fraudulent Inducement claim.

Less curable is Plaintiff's failure to articulate independent damages that were proximately caused by Defendants Shai Levitin and Eran Logistical Services' supposed fraudulent inducement. Plaintiff fails to specifically allege that their damages directly arise from and are causally connected to a supposed fraud (this is because they are connected to Defendants' alleged breach of contract, as discussed below). In fraud pleadings, it is well-settled that actual damages and the measure of actual damages must be specifically set forth. As one Florida court stated:

> "It is fundamental that "[a]ctual damages and the measure thereof are essential as a matter of law in establishing a claim of fraud." *Nat'l Equip. Rental, Ltd. v. Little Italy Rest. & Delicatessen, Inc.*, 362 So. 2d 338, 339 (Fla. 4th DCA 1978). **"Damages is of the very essence of an action for fraud or deceit."** *Casey v. Welch*, 50 So. 2d 124, 125 (Fla. 1951). **Without proof of actual damage the fraud is not actionable**. *Id., Stokes v. Victory Land Co.*, 99 Fla. 795, 128 So. 408 (1930); *Pryor v. Oak Ridge Dev. Corp.*, 97 Fla. 1985, 119 So. 326 (1928); *Wheeler v. Baars*, 33 Fla. 696, 15 So. 585 (1894); *Nat'l Aircraft Servs., Inc. v. Aeroserve Int'l, Inc.*, 544 So. 2d 1063 (Fla. 3d DCA 1989).

*Morgan Stanley & Co. Inc. v. Coleman (Parent) Holdings, Inc.*, 955 So. 2d 1124, 1132 (Fla. 4th DCA 2007). "[A]ctual damages is an element of an action for fraud." *Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004). "As such, this element must be pled using, specific . . . facts." *Id.*

Especially critical is establishing, in the pleadings, that the damages are causally connected to the fraud. "[F]raud cannot form the basis for recovery of damages unless the damages directly arise from the fraud and are causally connected to the fraud." *Id.* Proximate causation is "concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). In the proximate causation context, "foreseeability is concerned with the specific, narrow factual details of

the case, not with the broader zone of risk the defendant created." *Id.* at 503. "[H]arm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Id.*; *Seminole Lakes Homeowner's Ass'n, Inc. v. Esnard*, 263 So. 3d 56, 58 (Fla. 4th DCA 2018). A fraud claim must be dismissed if it "fails to assert how the[ ] alleged damages [are] causally related to the alleged fraud." *Simon*, 833 So. 2d at 833. The Florida Supreme Court only recently revisited and underlined that "[c]onditioning liability on a determination of proximate causation—as opposed to mere but-for causation—is one of the most basic principles of tort law." *Peoples Gas System v. Posen Constr., Inc.*, 322 So. 3d 604, 613 (Fla. 2021).

Here, Plaintiff fails to specifically allege how their purported damages were proximately caused by Defendants Shai Levitin and Eran Logistical Services' supposed fraudulent inducement and, worse still, is conspicuously silent in explaining any measure of actual damages. These defects are fatal to Plaintiff's claim.

Finally, Defendants Shai Levitin and Eran Logistical Services' alleged future promises regarding obtaining financing and using it to repay Plaintiff are not actionable as fraud and, as such, there can be no action for fraudulent inducement. *See Maunsell v. Am. Gen Life & Accident Ins. Co.*, 707 So. 2d 916, 917 (Fla. 3d DCA 1998) (affirming the trial court and holding that future promises are not actionable as fraud); *Seminole Masonry, LLC v. Hodges*, No. 18-60368-Civ-Scola, 2019 WL 687918, at *4 (S.D. Fla. Feb. 19, 2019) (dismissing the fraudulent inducement claim with prejudice and holding that mere promises not performed cannot form the predicate for actionable fraud).

2. *Plaintiff's Fraudulent Inducement Claim Is Barred by The Independent Tort Doctrine*.

"It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract." *Island Travel & Tours, Ltd., Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020). In *Island Travel & Tours*, the Third District Court of Appeal re-affirmed the application of the independent tort doctrine to bar common law tort claims in business litigation cases where, as here, there is a contract between the parties. *Id.* at 1239-40. Recently, the Eleventh Circuit explained that "independent-tort doctrine requires a fraud claim to be 'independent of a breach of contract claim'—i.e., for the 'fraud allegations' to be 'separate and distinct from defendants' performance under the contract.' *MidAmerica C2L Inc. v. Siemens Energy Inc.*, 25 F.4th 1312 (11th Cir. 2022) (citing *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1031 (11th Cir. 2017)); *see also Elec. Sec. Sys. Corp. v. S. Bell Tel. & Tel. Co.*, 482 So.2d 518, 519 (Fla. Dist. Ct. App. 1986) (holding that a "breach of contract, alone, cannot constitute a cause of action in tort. ... It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such a breach can constitute [a separate action in tort]."); *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996) (holding that the independent tort doctrine "requires proof of facts separate and distinct from the breach of contract").

The only allegations pled against Defendants Shai Levitin and Eran Logistical Services relate to the supposed oral agreement to repay loan funds as alleged in Count Three for Breach of Oral Contract in Plaintiff's Amended Complaint. Because Plaintiff's tort claim is ultimately based on the same underlying conduct giving rise to its breach of

contract claim—Defendants Shai Levitin and Eran Logistical Services' supposed failure to repay the funds loaned to it by Plaintiff—Plaintiff, as a matter of law, is unable to establish a claim for fraudulent inducement. *See id.* at 1240 (holding that when plaintiff's fraud claim is clearly duplicative of its breach of contract claim, even seeking the same damages as the basis for both claims, the plaintiff cannot recover for fraud).

In addition, precisely the same damages are sought in these Counts—$6,668,050 (Am. Compl. ¶ 45 & 48-50.). The "[independent tort] rule prohibits claims in tort for damages which are the same as those for breach of contract so as to prevent plaintiffs from recovering duplicative damages for the same wrongdoing." *Perez v. Scottsdale Ins. Co.*, No. CV 19-22761-CIV, 2019 WL 5457746, at *3 (S.D. Fla. Oct. 24, 2019) (citing *Kelly v. Lee Cty RV Sales Co.*, No. 18-cv-424, 2018 WL 3126750, at *2 (M.D. Fla. June 26, 2018). Because these Counts seek the same damages, the rule applies to bar Plaintiff's tort claims here.

At bottom, Plaintiff's supposed Fraudulent Inducement claim is actually a prohibited claim for fraud in the performance of the supposed oral contract between Plaintiff and Defendant Eran Logistical Services. Thus, Count Four for Fraudulent Inducement must be dismissed.

### C. Plaintiff's Preliminary and Permanent Injunction Claims Must Be Dismissed for Failure to State a Cause of Action.

"A moving party must demonstrate the following elements to obtain a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the potential harm to the defendant; and (4) that injunction will not disserve the public interest." *Tenent Sols., LLC v. Amberstone Enters. LLC*, No. 21-80649-CIV-CANNON, 2021 WL

4991299, at *2 (S.D. Fla. July 16, 2021) (internal quotations omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites." *Id.* (same). "The standard for issuance of a permanent injunction is very similar to the standard for issuance of a preliminary injunction." *Fla. Keys Citizens Coalition, Inc. v. U.S. Army Corps of Eng'rs.*, 374 F. Supp. 2d 1116, 1127 (S.D. Fla. 2005). "Of course, a plaintiff seeking a permanent injunction must show actual success on the merits, rather than a mere likelihood of success on the merits." *Id.* "The four elements for granting a permanent injunction are: 1) irreparable harm; 2) success on the merits; 3) a balancing of the competing claims of injury to the parties; and 4) consideration of the public interest." *Id.*

Plaintiff fails to allege, demonstrate, or show facts as to each of the four elements for both preliminary and permanent injunctive relief. Indeed, it is unclear from Count Six of the Amended Complaint which claim Plaintiff would need to succeed under to warrant such relief. It rather seems that Plaintiff, without asserting a cause of action related thereto, seeks to have the 2011 Supply and Services Agreement attached as Exhibit A to its Complaint deemed a forgery and to prevent Defendants from asserting rights thereunder against Plaintiff—presumably targeting the claims EFS is asserting in its case. *See Eran Financial Services, LLC v. Eran Industries Ltd., et al.*, Case No. 21-cv-81366-AMC. Count Six for Preliminary and Permanent Injunctions Against All Defendants should be dismissed.

Case No. 9:21-cv-82526-AMC

## **CONCLUSION**

In sum, Defendants respectfully request this Court to dismiss Plaintiff's Amended Complaint for the foregoing reasons, and for such other relief it deems just and proper.

Respectfully submitted,

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone:   (305) 858-2900
Facsimile:    (305) 858-5261

By:   s/ Paul J. Schwiep
Paul J. Schwiep, FBN 823244
PSchwiep@CoffeyBurlington.com
Dorothy C. Kafka, FBN 1007982
DKafka@CoffeyBurlington.com
YVB@CoffeyBurlington.com
service@CoffeyBurlington.com

*Counsel for Defendants*

Case No. 9:21-cv-82526-AMC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

      s/ Paul J. Schwiep

| Service List | |
|---|---|
| **Matthew P. Canini, Esq.**<br>MCanini@SillsCummis.com<br>**Trent S. Dickey, Esq.**<br>(*pro hac vice* pending)<br>TDickey@SillsCummis.com<br>**SILLS CUMMIS & GROSS P.C.**<br>101 Park Avenue, 28th Floor<br>New York, New York 10178<br>Telephone:   (212) 643-7000<br>matthew.canini@gmail.com<br>mco@sillscummis.com<br><br>*Counsel for Plaintiff* | |